**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4443**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

JONATHAN DOUGLAS LAYNE,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  John T. Copenhaver, Jr., District Judge.  (2:12-cr-00209-1)

_____

Submitted:  December 17, 2013      Decided:  December 19, 2013

_____

Before DUNCAN, DAVIS, and WYNN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, David R. Bungard, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.  R. Booth Goodwin II, United States Attorney, William Bryan King, II, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jonathan Douglas Layne appeals the district court's judgment sentencing him to 120 months' imprisonment followed by twenty years' supervised release for possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5), (b)(2) (2012). On appeal, Layne argues that the term of supervised release imposed is substantively unreasonable. We affirm.

"The length of a term of supervised release is reviewed for its reasonableness using the same, deferential, abuse-of-discretion standards used for challenges to any other part of the defendant's sentence." United States v. Collins, 684 F.3d 873, 887 (9th Cir. 2012); see Gall v. United States, 552 U.S. 38, 51 (2007). We assess the substantive reasonableness of the sentence under the totality of the circumstances. United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). If the sentence is within the Guidelines range, we presume on appeal that the sentence is substantively reasonable. United States v. Strieper, 666 F.3d 288, 295 (4th Cir. 2012).

We conclude that Layne's supervised release term, which is within the applicable Guidelines range, is not substantively unreasonable. The district court concluded that a lengthy term of supervised release was necessary, based on Layne's criminal history and sexual proclivities, to protect the

public and to deter him from reoffending. See 18 U.S.C. § 3553(a). Because the district court acted well within its considerable discretion in making this finding, we conclude that Layne has not rebutted the presumption of reasonableness that attaches to a within-Guidelines sentence.[*]

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

AFFIRMED

---

[*] We have considered Layne's arguments concerning the impact of U.S. Sentencing Guidelines Manual § 5D1.2(b) (2012), and are unpersuaded that consideration of the Guideline rendered his supervised release term unreasonable.

3